**Mario Bernabe FELIPE, also known as Freddy Hernandez, Petitioner**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent**

No. 16-60083
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Date Filed: 11/11/2016

Jaesa Woods McLin, Riguer Silva, L.L.C., Kenner, LA, for Petitioner.

Katherine Ann Smith, Trial Attorney, Karen L. Melnik, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Mario Bernabe Felipe, a native citizen of Guatemala, petitions this court to review the denial of his application for asylum and withholding of removal. He argues that the Board of Immigration Appeals (BIA) erred in determining that he had not established past persecution or a well-founded fear of future persecution on account of his membership in a proposed particular social group, members of the Poqomam indigenous tribe who are persecuted for speaking Poqomam poorly.

This court reviews an immigration court's findings of fact for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). This court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

Among the findings of fact that this court reviews for substantial evidence is the conclusion that an alien is not eligible for asylum or withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Asylum may be granted to "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (internal quotation marks and citation omitted). The alien must establish that a statutorily protected ground was or will be at least one of the central reasons behind the alien's persecution. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

"To be eligible for withholding of removal, an alien must demonstrate an objective 'clear probability' of persecution in the proposed country of removal" because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citation omitted). Withholding of removal is a higher

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard than asylum. *Id.* As such, "failure to establish eligibility for asylum is dispositive of claims for withholding of removal." *Id.* (citation omitted).

Even assuming that Felipe's proposed social group is protected, Felipe has failed to demonstrate past persecution or a well-founded fear of future persecution based on his membership in that group. Felipe alleged that gang members demanded money from him on one occasion in 1998. Felipe also vaguely referred to one incident where gang members chased him with a machete. Felipe explained, though, that the gangs targeted him because he left work alone rather than traveling with the group.

There is no record evidence that Felipe's membership in the Poqomam tribe motivated the gangs or was the central reason for their decision to target him. *See Shaikh,* 588 F.3d at 864. Instead, as the BIA noted, the record reflects that gang members targeted Felipe "for no other reason than to increase their wealth through criminal activity." Conduct that is driven by criminal motives rather than a statutorily protected ground is not persecution. *Thuri v. Ashcroft,* 380 F.3d 788, 792–93 (5th Cir. 2004).

Felipe relies on his prior encounters with gang members and his general knowledge that gang members are "capable of following through on their threats" to bolster his claim that he has a well-founded fear of future persecution. As just discussed, though, the criminal activity Felipe experienced at the hands of the gangs did not rise to the level of persecution, and he offers no evidence or citation to the record in support of his general knowledge of gang activity. As such, Felipe has effectively abandoned this issue by failing to adequately brief it. *See Al–Ra'id v. Ingle,* 69 F.3d 28, 33 (5th Cir. 1995).

For the foregoing reasons, the BIA's determination that Felipe was ineligible for asylum is supported by substantial record evidence, and it should be upheld. *See Zhang,* 432 F.3d at 344. Because Felipe was unable to meet the substantial-evidence burden on his asylum claim, it follows that the BIA's determination that he was likewise ineligible for withholding of removal should also be upheld. *See Majd,* 446 F.3d at 595. Felipe's petition for review is, therefore, DENIED.